[Civ. No. 16514. First Dist., Div. Two. Mar. 8, 1956.]

MILDRED JOHNSTON BEALE et al., Plaintiffs, v. JOSEPH MAGNIN COMPANY, INC. (a Corporation), Defendant and Appellant; L. AND E. EMANUEL, INC. (a Corporation), Defendant and Respondent.

Edward A. Friend for Defendant and Appellant.

Jesse H. Steinhart and John J. Goldberg for Defendant and Respondent.

DOOLING, J.—Appellant, Joseph Magnin Company, Inc. (hereafter called Magnin) appeals from a judgment in favor of respondent L. & E. Emanuel, Inc. (hereafter called Emanuel) on Magnin's cross-complaint.

Magnin and Emanuel had entered into a written contract by which Emanuel agreed to make certain described alterations on Magnin's store building and one Mrs. Mildred Beale was injured by a temporary door installed by Emanuel on Magnin's premises in performance of the work so contracted to be done. Mrs. Beale and her husband brought action for these injuries, joining both Emanuel and Magnin as defendants.

Emanuel was represented in this action by the attorneys for Emanuel's liability insurance carrier, and Emanuel's insurance carrier compromised the action with the plaintiffs and paid them an agreed amount in settlement of their claim against both defendants, without any contribution from Magnin or its insurer, Saint Paul Mercury Indemnity Company.

Before this settlement Magnin's insurer through its attorneys had filed an answer to the Beales' complaint for Magnin and a cross-complaint against Emanuel for indemnification for whatever loss Magnin might suffer as a result of the action. After the dismissal of the plaintiffs' complaint with prejudice following the settlement with them, Magnin brought its cross-complaint against Emanuel to trial asking reimbursement for $340.82 incurred by Magnin's insurer for attorneys' fees and costs paid out by the insurer in defending the action against Magnin.

██ We are satisfied that the trial court was correct in its finding that Magnin by its contract with Emanuel had assumed

personal responsibility for any liability to third persons which might arise from the performance of the contract. The controlling provision is Article 28 which reads:

"ART. 28. Owner's Liability Insurance—The Owner shall be responsible for and at his option may maintain such insurance as will protect him from his contingent liability for damages for personal injury, including death, which may arise from operations under this contract."

We agree with the trial court that this provision amounts to an assumption of personal responsibility for such liability and is inconsistent with the existence of whatever right of indemnification might otherwise exist.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.